**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X
NEW YORK HOTEL AND GAMING TRADES
COUNCIL, AFL-CIO,

<table>
<tr><td>Petitioner,</td><td>**ORDER**</td></tr>
<tr><td>-against-</td><td>**24-CV-7213 (KPF) (JW)**</td></tr>
</table>

123 WASHINGTON, LLC, d/b/a THE
WASHINGTON, f/k/a W NEW YORK
DOWNTOWN and LUXURBAN HOTELS, INC.
f/k/a CORPHOUSING, LLC,

                                    Respondents.
------------------------------------------------------------------X
**JENNIFER E. WILLIS, United States Magistrate Judge:**

Before this Court is Petitioner New York Hotel and Gaming Trades Council,

AFL-CIO's ("Petitioner") motion for attorney's fees.  See Dkt. No. 48.  For the

following reasons, Petitioner's application for attorney's fees and costs is **GRANTED**.

## I.    BACKGROUND

### A.    Procedural history

On September 24, 2024, Petitioner commenced this action pursuant to § 301 of

the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185, to confirm

an arbitration award issued by the parties' contractual industry arbitrator against

Respondents 123 Washington, LLC (d/b/a The Washington, f/k/a W New York

Downtown) and LuxUrban Hotels Inc. f/k/a CorpHousing Inc (collectively,

"Respondents").  Dkt. No. 1.  Petitioner moved for summary judgment on October 23,

2024.  Dkt. No. 18.

On August 5, 2025, Judge Failla granted the Petitioner's motion for summary judgment, confirming the arbitral award and awarding pre- and post-judgment interest to Petitioner. Dkt. No. 27. Judge Failla also granted Petitioner's request for attorney's fees for the proceedings. Dkt. No. 27. On August 5, 2025, this Court was referred Petitioner's forthcoming motion for attorney's fees. Dkt. No. 27.

In August 2025, the attorneys for Respondents filed motions to withdraw, which this Court granted. Dkt. No. 38. Respondents were given until October 15, 2025, to obtain counsel and were warned that failure to do so would result in Petitioner's motion for attorney's fees to proceed unopposed. Dkt. No. 38. Respondents failed to obtain counsel. On November 17, 2025, Petitioner requested leave to file the instant motion, which was granted. Dkt. No. 47.

### B.   Petitioner's motion for attorney's fees

On December 4, 2025, Petitioner filed its motion for attorney's fees on two grounds: (1) because Respondents failed to comply with the arbitration awards without justification, and (2) because Respondents had a contractual obligation to pay reasonable attorney's fees pursuant to the parties' collective bargaining agreement. Dkt. Nos. 48, 50. Petitioner requests $18,468.00 in attorney's fees and $905.52 in costs. Dkt. No. 50. Petitioner filed a declaration and exhibits in support of its application, including a summary chart of the hours worked and amount sought; billing records demonstrating time spent and activities performed; and invoices and receipts reflecting costs sought. Dkt. No. 49. Respondents did not respond to

Petitioner's motion for attorney's fees.  The Court considers Petitioner's motion fully briefed.

## II.   LEGAL STANDARD

"Generally, 'in a federal action, attorney's fees cannot be recovered by the successful party in the absence of statutory authority for the award.'"  Trs. of the N.Y.C. Dist. Council of Carpenters Pension Fund v. Formula 1 Builders, LLC, No. 17-CV-1234 (GHW), 2017 WL 1483369, at *4 (S.D.N.Y. Apr. 25, 2017) (quoting Int'l Chem. Workers Union, Local No. 227 v. BASF Wyandotte Corp., 774 F.2d 43, 47 (2d Cir. 1985)).  LMRA section 301 does not provide for the recovery of attorneys' fees. Id.  However, awarding attorney's fees and court costs is proper when consistent with the parties' contractual obligations under the collective bargaining agreement.  See N.Y.C. Dist. Council of Carpenters v. JFD Sales Consulting Servs. Corp., No. 17 Civ. 3733 (LGS), 2017 WL 4736742, at *2 (S.D.N.Y. Oct. 19, 2017).

"A reasonable hourly rate is 'what a reasonable, paying client would be willing to pay'" and is guided by the market rate in the community for similar work by "lawyers of reasonably comparable skill, experience and reputation."  N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc., No. 16-CV-1115 (GHW), 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016) (quoting Watkins v. Smith, No. 12-CV-4635 (DLC), 2015 WL 476867, at *3 (S.D.N.Y. Feb. 5, 2015)); see also Blum v. Stenson, 465 U.S. 886, 895 n.11 (1984).

Determining whether requested attorney's fees are reasonable requires a court to assess that attorney's hourly rate and the number of hours she billed at that rate.

Trs. for N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All Flooring Sols., LLC, No. 19-CV-11065 (KPF), 2020 WL 2571042, at *5 (S.D.N.Y. May 21, 2020). Accordingly, "applications for fee awards should generally be documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 173 (2d Cir. 1998).

Courts in the Second Circuit typically multiply the attorney's hourly rate by the number of hours reasonably spent on the action. Arbor Hill Concerned Citizens Neighborhood Ass'n v. County. of Albany & Albany County. Bd. of Elections, 522 F.3d 182, 186 (2d Cir. 2008). Additionally, "[h]ours that are excessive, redundant, or otherwise unnecessary, are to be excluded from the calculation of a reasonable fee." N.Y.C. & Vicinity Dist. Council of Carpenters v. Plaza Constr. Grp., Inc., No. 16 Civ. 1115, 2016 WL 3951187, at *2 (S.D.N.Y. July 19, 2016). Lastly, attorneys are routinely permitted to recoup court costs. All Flooring Sols., 2020 WL 2571042, at *6.

## III.    DISCUSSION

### A.    Attorney's fees are warranted

As Judge Failla previously ruled, attorney's fees are warranted here because the parties specifically agreed in their collective bargaining agreement that "if either party moves to confirm an arbitration decision due to the non-moving party's failure to comply with the same, and the decision is subsequently confirmed in whole or in

4

part, the non-moving party will pay the reasonable attorney's fees and costs of the other party." Dkt. No. 27; see Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund v. Abba Constr. LLC, No. 22 Civ. 5699 (JLR), 2022 WL 17555720, at *4 (S.D.N.Y. Dec. 9, 2022) ("Attorneys' fees and costs may be awarded if the parties contractually agreed as such.").

The Court will now decide whether the requested amount of attorney's fees and costs is reasonable.

### B.    The requested fees are reasonable

The Court finds that Petitioner's requested 1) $18,468.00 in attorney's fees for 58.7 hours of work and 2) $905.52 in costs is reasonable. Dkt. No. 50. The Court addresses the attorney's rates, hours, and costs below.

### 1.    The attorneys' rates are reasonable

The reasonableness of an attorney's hourly rate is guided by the market rate in the community for similar work by "lawyers of reasonably comparable skill, experience and reputation." Blum, 465 U.S. at *895 n.11. "[A]ny attorney who applies for court-ordered compensation in this Circuit must document the application with contemporaneous time records specifying, for each attorney, the date, the hours expended, and the nature of the work done." Capital2Market Consulting, LLC v. Camston Wrather, LLC, No. 22-CV-7787 (VM), 2023 WL 2366975, at *5 (S.D.N.Y. Mar. 6, 2023).

Here, Petitioner submitted contemporaneous time records that specify for each attorney, the date, the hours worked, and the nature of the work. Petitioner's counsel

billed $300 per hour for an associate and $495 per hour for a partner in this action. Dkt. No. 49.   Courts in this District have found that these rates are reasonable for petitions to confirm arbitration awards.   See Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. All Aces Corp., No. 23-CV-9929 (LGS), 2024 WL 1884701, at *5 (S.D.N.Y. Apr. 30, 2024) (holding that a $310 hourly rate is reasonable for an associate); see also New York Hotel & Gaming Trades Council, AFL-CIO v. Luxurban Hotels Inc., No. 24 CIV. 6583 (LGS), 2025 WL 1455953, at *1 (S.D.N.Y. May 21, 2025) (holding that a $495 hourly rate is reasonable for a partner).   As such, the Court finds both hourly rates reasonable.

### 2.   The attorneys' hours are reasonable

The Court also finds that Petitioner's counsel's billed hours of 58.7 hours are reasonable.

Courts in this District require that hours billed in a case be reasonable to the amount of work required in the action. Trs. of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund v. Metroplex Serv. Grp., Inc., No. 18 CIV. 5889 (PAE), 2018 WL 4141034, at *5 (S.D.N.Y. Aug. 30, 2018) (quoting Millea v. Metro-North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011); see generally Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542 (2010).

Here, Petitioner notes its attorneys worked 58.7 hours, which is relatively high for a petition to confirm arbitration awards.   Petitioner explains that the hours were higher because the case involved confirming four different arbitration awards; they

had to amend their documents due to Respondents' noncompliance; and they appeared in Court to address Respondents' attorneys' withdrawal. Dkt. No. 50. The Court finds that Petitioner's records satisfactorily reflect the attorneys' effort and sufficiently detail the specific fees incurred while seeking confirmation of the arbitration award. See Dkt. No. 50. See Flores v. J&B Club House Tavern, Inc., No. 10-cv-4332, 2012 WL 4891888, at *5 (S.D.N.Y. Oct. 16, 2012) (noting when, determining whether listed hours are reasonable, "[t]he critical inquiry is whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures") (internal quotation marks and citation omitted); Dkt. No. 49. The 58.7 hours worked are reasonable due to the four awards the attorneys sought to confirm, and the additional work caused by Respondents' noncompliance. See id.

### 3. The requested costs are reasonable

Lastly, Petitioner's request for reimbursement of the $405.00 filing fee and $500.52 of fees incurred in service of process is reasonable, as courts in this District routinely allow attorneys to recover such costs. All Flooring Sols., 2020 WL 2571042 at *5 (citations omitted).

## IV.    CONCLUSION

For the foregoing reasons, Petitioner's application for attorney's fees in the amount of $18,468.00 and costs in the amount of $905.52 is **GRANTED.**

**The Clerk of Court is respectfully requested to close Dkt. No. 48.**

SO ORDERED.

DATED:    New York, New York
          May 27, 2026

                                        _Jennifer E. Willis_
                                        JENNIFER E. WILLIS
                                        United States Magistrate Judge